■ EDWARD OSTROWSKI, as President of the Uniformed Sanitationmen's Association, Local 831, International Brotherhood of Teamsters, et al., Appellants, v CITY OF NEW YORK et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County, entered November 5, 1980, dismissing the complaint, unanimously modified, on the law, to reinstate the complaint and to declare that plaintiffs are not entitled to a hearing in accordance with section 75 of the Civil Service Law and have not been deprived of any constitutional rights of due process or any statutory civil service rights, and otherwise affirmed, without costs and disbursements. In this action for declaratory judgment, an injunction and for money damages, plaintiffs-appellants contend that certain internal regulations and policies of the Department of Sanitation of the City of New York concerning adminis-tration of the sick leave provisions of the Administrative Code of the City of New York violate the Civil Service Law and constitutional rights of due process by depriving sanitation workers of sick leave benefits for days on which any employee of the department does not comply with rules promul-gated by defendants. Plaintiffs moved first for a preliminary injunction and leave to maintain the action as a class action, and defendants cross-moved for summary judgment dismissing the complaint. Both motions were denied. Plaintiffs then moved for summary judgment and again for class action

certification, and the defendants cross-moved for summary judgment dismissing the complaint. In dismissing the complaint, Special Term found there was no factual question with respect to which a hearing might be had. *(Matter of Economico v Village of Pelham,* 50 NY2d 120.) Plaintiffs had not contended they had complied with the regulations nor utilized the opportunity to present a valid excuse for any such noncompliance. Furthermore, Special Term noted that those employees whose excuses were not accepted and who were thus denied sick pay, had available a grievance procedure under their collective bargaining agreement as their exclusive remedy for such disputes. Since plaintiffs had sought a declaration with regard to defendants' actions, it remained for Special Term to make an explicit declaration, which we now do here, that plaintiffs were not entitled to an evidentiary hearing provided under section 75 of the Civil Service Law, and that plaintiffs were not deprived of any statutory or constitutional rights thereby. Defendants' rules and regulations regarding sick time and leave are not unreasonable. Concur — Kupferman, J.P., Birns, Sandler and Bloom, JJ.